IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:23-cr-101-ECM |
| | ) | [WO] |
| MARSHA RENEE SKEEN | ) | |

**O R D E R**

Now pending before the Court are the United States Probation Office's ("USPO") amended petition for revocation of probation (doc. 310), and the United States and the Defendant's (the "parties") joint motion to impose judgment and waiver of final probation revocation hearing (doc. 329).

The Defendant is charged with five violations of the terms of her probation. In Violation 1, she is alleged to have violated the mandatory condition that she "must refrain from any unlawful use of a controlled substance," in that on August 27, 2024, she tested positive for methamphetamine, which was her fourth positive drug test over the course of one year. In Violation 2, she is alleged to have violated the standard condition that she "must live at a place approved by the probation officer," in that on September 17, 2024, the probation officer learned that the Defendant was not residing at her approved residence and was instead residing at a residence she had not disclosed to the probation officer. In Violation 3, she is alleged to have violated the mandatory condition that she "must refrain from any unlawful use of a controlled substance," in that on September 18, 2024, she admitted to the probation officer that she used methamphetamine on September 17, 2024. In Violation 4, she is alleged to have violated the mandatory condition that she "must not

unlawfully possess a controlled substance," in that on September 18, 2024, the probation officer found the Defendant in possession of approximately four grams of methamphetamine and a glass smoking device containing methamphetamine residue. Finally, in Violation 5, she is alleged to have violated the mandatory condition that she "must not commit another federal, state, or local crime," in that on September 18, 2024, she was arrested by the Enterprise, Alabama Police Department and charged with Unlawful Possession of a Controlled Substance, in violation of Ala. Code § 13A-12-212; and Possession of Drug Paraphernalia, in violation of Ala. Code § 13A-12-260.

Pursuant to the parties' agreement, the Defendant agrees to plead guilty to Violations 1, 2, and 3, and to plead no contest to Violations 4 and 5. The parties submit that a sentence of time served, with no period of supervision to follow, is an appropriate sentence. The parties explain that the Defendant's September 18, 2024 arrest arose from the same conduct underlying at least one of the alleged violations of probation—i.e., her probation officer's finding her in possession of methamphetamine and drug paraphernalia. The parties further explain that the Defendant was in state custody related to her arrest from September 18, 2024, until July 3, 2025, or approximately ten months. The parties further represent that the Defendant "expressly waives her right to a final hearing on the Petition for Revocation of Probation." (Doc. 329 at 3). Additionally, the parties represent that the USPO agrees with this resolution. (*Id.*).

For the following reasons, the Court will accept the parties' agreement; grant the amended revocation petition (doc. 310); revoke the Defendant's probation; and sentence her to time served, with no additional term of supervision to follow.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under this rule, the Defendant has the right to

> (A) written notice of the alleged violation; (B) disclosure of the evidence against [her]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [her] right to retain counsel or to request that counsel be appointed if [she] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

FED. R. CRIM. P. 32.1(b)(2). The rule also provides that a defendant can waive a revocation hearing: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." *Id.* (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 497 (11th Cir. 2020) (per curiam) ("The Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing." (citing FED. R. CRIM. P. 32.1(b)(2)). Based on a defendant's express waiver, Rule 32.1(b)(2) permits a court to enter judgment without a revocation hearing.

The Court finds that the violation is a Grade B Violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(2); the Defendant's criminal history category is I; the advisory guideline range of imprisonment is 4 to 10 months, *see* USSG § 7B1.4(a); and the statutory maximum is 12 months, *see* 18 U.S.C. § 3583(e)(3). The Court has considered the Sentencing Guidelines, the relevant 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of time served, with no term of supervision to follow, is an appropriate sentence in this case.

Accordingly, upon consideration of the entire record, and for good cause, it is ORDERED as follows:

1.  The parties' joint motion to impose judgment (doc. 329) is GRANTED;

2.  USPO's amended petition for revocation of probation (doc. 310) is GRANTED;

3.  The parties' agreement and the Defendant's express waiver of her right to a final revocation hearing are ACCEPTED;

4.  Based on the Defendant's guilty plea to Violations 1, 2, and 3, and the Defendant's plea of no contest to Violations 4 and 5, the Court finds the Defendant guilty of violating the mandatory conditions that she "must refrain from any unlawful use of a controlled substance"; she "must not commit another federal, state, or local crime"; and she "must not unlawfully possess a controlled substance"; as well as the standard condition that she "must live at a place approved by the probation officer."

5.  The violation is a Grade B violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(2); the Defendant's criminal history category is I; the advisory guideline range of imprisonment is 4 to 10 months, *see* USSG § 7B1.4(a); and the statutory maximum is 12 months, *see* 18 U.S.C. § 3583(e)(3).

6.  The Court has considered the Sentencing Guidelines, the relevant 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of time served is an appropriate sentence in this case, with no term of supervision to follow;

7.  The final revocation hearing set for September 3, 2025, is CANCELLED,

and the parties' deadlines to submit position memoranda, exhibits, and responsive memoranda (doc. 324) are TERMINATED.

8. Judgment will be entered separately.

DONE this 25th day of August, 2025.

                                          /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE